| | |
|---|---|
| BULMARO CERAS-CAMPO, *on behalf of himself and all other similarly situated persons*, PLAINTIFFS, | ) ) ) ) |
| v. | ) **O R D E R** ) |
| WF PARTNERSHIP, GEORGE E. WARREN, RUPERT GERALD WARREN, BRUCE D. WARREN, JANET WARREN, WARREN FARMING CO., JOSÉ DANIEL CRUZ, and GEORGE E. WARREN, RUPERT GERALD WARREN, JANET WARREN, and BRUCE D. WARREN d/b/a WF PARTNERSHIHP, DEFENDANTS. | ) ) ) ) ) ) ) ) ) |

This matter is before the Court upon Plaintiff's Motion for Conditional Certification of Collective action and Motion to Send Court-Approved Notice to Putative Members of a Collective Action pursuant to 29 U.S.C. § 216(b) [DE 21]. The Defendants oppose the instant motion, arguing that conditional certification is improper because the Plaintiff has failed to make a "modest factual showing" that there are "similarly situated" parties as required for this case to proceed as a collective action under Section 216(b). For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

On May 25, 2010, Plaintiff filed a complaint in this Court pursuant to the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. §§ 201 *et seq.*, the North Carolina Wage and Hour Act (NCWHA), codified at N.C. Gen. Stat. §§ 95-25.1 *et seq.*, and the common law of contracts. The Defendants have served their Answer in which they generally deny the Plaintiff's

allegations. Plaintiff purports to file this action as a collective action under 29 U.S.C. § 216(b) of the FLSA, as a class action under the NCWHA, and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The Amended Complaint alleges Defendants employed Plaintiff others, from at least 2006 through 2009. The Plaintiff alleges he and his co-workers were employed by Defendants as H-2A[1] workers, tasked with harvesting agricultural products in the area of Newton Grove, North Carolina. Plaintiff alleges Defendants failed to reimburse Plaintiff and other similarly situated H-2A employees for various expenditures[2] to the extent that the first workweek's wages of the Plaintiff and other similarly situated employees were reduced below that which is required under the FLSA and the NCWHA. Plaintiff further alleges that Defendants breached their employment contracts with the Plaintiff and other similarly situated employees by failing to pay the aggrieved workers at least the required minimum hourly wage under the Adverse Effect Wage Rate (AEWR) promulgated by the U.S. Department of Labor ("DOL"), by failing to reimburse the pre-employment expenses of the aggrieved parties as required by law.

The Amended Complaint, which asserts four claims for relief,[3] requests unpaid wages and liquidated damages under 29 U.S.C. § 216(b), N.C. Gen. Stat. §§ 95-25.22(a) and (a1) as well as actual, incidental, consequential, and compensatory damages, pre- and post-judgment interest,

---

[1] The H-2A program is codified at 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(1).

[2] These expenditures, outlined at ¶¶ 69-74 of the Amended Complaint, include, *inter alia*, assorted visa and visa-processing fees, recruiting fees, transportation fees, passport fees, and Customs and Border Patrol Form I-94 fees.

[3] The four claims for relief are: (1) a claim under the NCWHA; (2) a claim for breach of the contract AEWR wage; (3) a FLSA claim; and (4) a claim for declaratory and injunctive relief.

2

and declaratory relief.

On June 23, 2010, the Plaintiff filed a Motion requesting conditional certification of this action as a collective action under 29 U.S.C. § 216(b), and further requesting permission to send notice to putative members of the collective action [DE 21]. Defendants oppose the instant Motions, asserting that Plaintiff has failed to meet his burden of making a "modest factual showing" that similarly situated workers exist [DE 34]. The Motion is now ripe for adjudication.

DISCUSSION

The named Plaintiff has requested conditional certification of the collective action and to send court-approved notice to putative members of the collective action pursuant to 29 U.S.C. § 216(b). The named Plaintiff proposes the following persons receive notice and the opportunity to join the action:

> Each person jointly or severally employed by one or more of the defendants to perform temporary agricultural work under the H-2A program in the three (3) year time period immediately preceding the date on which this action was filed and continuing thereafter until final judgment is entered who was paid at less than the minimum rate required by the FLSA for all hours worked in the first workweek that each such person was or will be so employed.

(Pl.'s Mot. for Condit. Cert. at 1.)

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative class members must satisfy two requirements: (1) the members of the putative class must establish they are "similarly situated," and (2), the members of the putative class must affirmatively consent to the named Plaintiff's class representation. 29 U.S.C. § 216(b); *Felix de Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 662 (E.D. Pa. 2001) ("The only two requirements for maintaining a representative action

3

under the FLSA are that class members be similarly situated and that each member file a consent to joining the action.") (citing 29 U.S.C. § 216(b)).

As to the question of whether the putative class members are "similarly situated," the Court proceeds without clear guidance because the Fourth Circuit Court of Appeals has not indicated to the lower courts in this circuit precisely how to determine whether parties are "similarly situated" for purposes of FLSA collective actions. However, most courts, in those circuits where the issue has been addressed, apply a two-step approach to determine whether putative class members are "similarly situated." *E.g. Cameron -Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). The Court finds this approach to be rational, fair, and supported by sufficient persuasive case law such that the approach will apply in the instant case.

At the first stage of the process, the court determines–usually based solely on the pleadings and any affidavits that have been submitted–whether notice of the action should be given to potential class members. *Cameron -Grant*, 347 F.3d at 1243 (citations omitted). At this initial stage, a lenient standard applies, and all the plaintiff must establish is "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y 2005) (citations omitted). This burden "is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Id.* (citations omitted).

Assuming a conditional certification is granted, then the second-stage for determining if class members are "similarly situated" is triggered later in the adversary proceeding. The

4

Eleventh Circuit Court of Appeals described the second stage of the two-stage approach as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

Having reviewed Plaintiff's Amended Complaint and Motion for Conditional Certification, the Defendant's Response in Opposition, and those properly submitted documents in support thereof, it is the opinion of the Court that conditional certification is not warranted. Although Plaintiff's burden is minimal at this stage of the litigation, he has failed to make even a "modest factual showing" that "similarly situated" parties exist. Despite the fact that this case has been pending for nearly nine months, Plaintiff has not provided the Court with a single declaration from any other worker who claims he or she was not properly paid or reimbursed in such a way that (a) violates the law and (b) aligns that worker's interests with the Plaintiff's. Although not entirely dispositve, Plaintiff's failure to provide this "factual support" (i.e. affidavits, declarations, or other documentary demonstrating the existence of other "similarly situated workers), undermines Plaintiff's attempts at conditional certification. *Wright v. Lehigh Valley Hosp.*, 2010 WL 3363992, at *5 (E.D. Pa. Aug. 24, 2010) ("A 'modest factual showing' . . . cannot be founded solely on allegations in the complaint; some factual support must be

5

provided, such as in the form of affidavits, declarations, deposition testimony, or other documents.") (citations omitted). Moreover, even putting aside the lack of any corroborating "factual support" for Plaintiff's declarations, there are still other problems with Plaintiff's declaration itself.

First, it is not clear from Plaintiff's declaration whether any other worker was not reimbursed or was otherwise improperly reimbursed for visa and border-crossing fees. Although Plaintiff declares he was not reimbursed for his payment of various visa-related fees and border-crossing fees, he does not declare or otherwise show the Court that any other workers were not reimbursed for the payment of those fees. The dearth of evidence demonstrating non-payment or non-reimbursement by anyone other than Plaintiff cuts against a finding that any "similarly situated" parties exist. Second, although Plaintiff declares that "other workers paid a recruitment fee of as much as USD $500," Plaintiff fails to specify whether these alleged workers were not reimbursed for the payment of those fees as well. Finally, although Plaintiff acknowledges that he himself was reimbursed for transportation expenses, Plaintiff alleges without any corroborating evidence that other similarly situated employees were *not* reimbursed for transportation expenses. And even assuming, *arguendo*, other workers do exist who were not properly reimbursed for transportation expenses (which Plaintiff fails to establish), those parties would arguably not be similarly situated with the Plaintiff who was himself reimbursed for transportation expenses.

The Plaintiff's declaration is replete with incomplete or otherwise conclusory attempts to establish the existence of similarly situated H-2A employees. In essence, Plaintiff has made a strong showing as to the improper or nonexistent reimbursement of various fees that Plaintiff

6

paid. But, except for Plaintiff's own bald declaration with respect to transportation expenses, he makes essentially no showing that similarly situated workers were never or improperly reimbursed for work-related expenses. The words "other similarly situated workers" are not a talisman that convert Plaintiff's individual claim into a collective action. *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003). Plaintiff must make *some* showing that similarly situated H-2A parties actually exist. This he has failed to do.

It is true, as Plaintiff contends, that the FLSA should be interpreted broadly with a remedial purpose in mind. *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). However, on such a thin showing from the Plaintiff, it is unclear how this remedial purpose applies to anyone other than to the Plaintiff himself. Congress surely did not intend to burden employers by remedying the injuries of phantom workers.

Because the documents submitted by Plaintiff in support of his Motion for Conditional Certification do not provide any factual support for Plaintiffs assertion that parties "similarly situated" with Plaintiff exist, conditional certification under 29 U.S.C. § 216(b) is improper. Plaintiff's Motion for Conditional Certification of Collective Action and to Send Court-Approved Notice to Putative Members of Collective Action Pursuant to 29 U.S.C. § 216(b) is DENIED.

DONE AND ORDERED.

This 7 day of February, 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7